1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

MARIAH LYNN BAYLISS,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                        Defendant.

Case No. 3:13-cv-05866-BHS-KLS

REPORT AND RECOMMENDATION

Noted for August 29, 2014

12
13
14
15
16
17
18
19
20
21

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income ("SSI") benefits.  This

matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v.

Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the

undersigned submits the following Report and Recommendation for the Court's review,

recommending that for the reasons set forth below, defendant's decision to deny benefits should

be reversed and this matter should be remanded for further proceedings.

22

FACTUAL AND PROCEDURAL HISTORY

23
24
25
26

        On June 25, 2009, plaintiff filed an application for SSI.   See Administrative Record

("AR") 158-60.  Plaintiff also filed an application for disability insurance benefits on July 7,

2009.  AR 152-57.   In these applications, plaintiff alleged disability as of January 2, 2001, due

to post traumatic stress disorder, attention deficit disorder, social disorder, depressive disorder,

REPORT AND RECOMMENDATION - 1

and fetal alcohol syndrome. <u>See</u> AR 176.  Plaintiff's applications were denied upon initial

administrative review and on reconsideration. <u>See</u> AR 84-90, 92-102.  A hearing was held before

an administrative law judge ("ALJ") on January 11, 2011, at which plaintiff, represented by

counsel, appeared and testified, as did a vocational expert ("VE"). <u>See</u> AR 41-79.

On February 1, 2011, the ALJ issued a decision in which plaintiff was determined to be

not disabled. <u>See</u> AR 22-40.  Plaintiff's request for review of the ALJ's decision was denied by

the Appeals Council on August 1, 2013, making the ALJ's decision defendant's final decision.

<u>See</u> AR 1-7; <u>see</u> <u>also</u> 20 C.F.R. §§ 404.981, 416.1481.  On October 2, 2013, plaintiff filed a

complaint in this Court seeking judicial review of the ALJ's decision. Dkt. No.1.  The

administrative record was filed with the Court on February 21, 2014. Dkt. No. 12.  The parties

have completed their briefing, and thus this matter is now ripe for judicial review and a decision

by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for

further proceedings because the ALJ erred: (1) in evaluating the medical evidence in the record;

and (2) in rejecting the lay witness evidence in the record.  The undersigned agrees the ALJ erred

in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that

while defendant's decision should be reversed, this matter should be remanded for further

administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner of Social Security (the "Commissioner") that a

claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been

applied by the Commissioner, and the "substantial evidence in the record as a whole supports"

that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v.</u>

REPORT AND RECOMMENDATION - 2

Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp.

522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless,

be set aside if the proper legal standards were not applied in weighing the evidence and making

the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir.

1987)).

      Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation

omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

supported by inferences reasonably drawn from the record.").  "The substantial evidence test

requires that the reviewing court determine" whether the Commissioner's decision is "supported

by more than a scintilla of evidence, although less than a preponderance of the evidence is

required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

admits of more than one rational interpretation," the Commissioner's decision must be upheld.

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

sufficient to support either outcome, we must affirm the decision actually made.") (quoting

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.     The ALJ's Evaluation of the Medical Evidence in the Record

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may its abdicate its traditional function of review.  It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

1    Plaintiff argues the ALJ erred in his assessment of the medical opinion of examining

2  psychologist Norma L. Brown, PhD.  Dkt. No. 16, pp. 12-15.  Dr. Brown examined plaintiff on

3  two separate occasions and opined, among other limitations, that plaintiff had at least marked

4  limitations in the ability to relate appropriately to coworkers and supervisors, and severe

5  limitations in the ability to respond appropriately to and tolerate the pressures and expectations

6  of a normal work setting.  See AR 273, 288.   Dr. Brown defined "marked" as a "very significant

7  interference with basic work related activities", and "severe" as an "inability to perform one or

8  more basic work related activities".  AR 271, 286. These limitations are significant as the basic

9  demands of competitive unskilled work require the ability to respond appropriately to

10  supervision, coworkers and usual work situations.  See Social Security Ruling ("SSR") 85-15,

11  1985 WL 56857*4.  A substantial loss in the ability to meet any of these basic activities would

12  justify a finding of disabled under the Act.  Id.  The ALJ rejected Dr. Brown's opinions because

13  they were inconsistent with Dr. Brown's objective findings on mental status examination

14  ("MSE").  AR 31.  This reason, however, is not a specific and legitimate reason supported by

15  substantial evidence sufficient to reject the opinions of an examining psychologist.  Lester v.

16  Chater, 81 F.3d 821, 830 (9th Cir. 1996).

17    In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

18  "must be supported by specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.

19  1998).  The ALJ can do this "by setting out a detailed and thorough summary of the facts and

20  conflicting clinical evidence, stating his interpretation thereof, and making findings."  Id.  The

21  ALJ also may draw inferences "logically flowing from the evidence." Sample v. Schweiker, 694

22  F.2d 639, 642 (9th Cir. 1982).  Further, the Court itself may draw "specific and legitimate

23  inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychologist. <u>Lester</u>, 81 F.3d at 830.  Even when an examining psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.  Here, plaintiff concedes the specific and legitimate standard applies to the ALJ's assessment of Dr. Brown's opinion.  <u>See</u> Dkt. No. 16, p 13.

The ALJ rejected Dr. Brown's opinion regarding plaintiff's social limitations because it was "contrary to the objective observations from the [MSE], in which plaintiff was alert, cooperative, had an appropriate appearance, and exhibited normal speech and appropriate eye contact."  AR 31 (citing AR 290); <u>see</u> AR 288.  The ALJ also noted that Dr. Brown observed plaintiff's thought processes and content were within normal limitations.  AR 31, 290.  Although discrepancies between a medical source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimant's capabilities may provide a basis for rejecting a medical source's opinion, an ALJ may not substitute his own interpretation of medical findings for that of a qualified medical source.  <u>See</u> <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005)(discrepancies between a medical source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimants capabilities "is a clear and convincing reason for not relying" and that assessment); <u>Schmidt v. Sullivan</u>, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)); <u>see also</u> <u>Gonzalez Perez v.</u>

1    Sec'y of Health and Human Serv., 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute

2    own opinion for findings and opinion of physician); McBrayer v. Sec'y of Health and Human

3    Serv., 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for

4    competent medical opinion); Gober v. Mathews, 574 F.2d 772, 777 (3rd Cir. 1978) (ALJ not free

5    to set own expertise against that of physician who testified before him).

6          In conjunction with the examinations of plaintiff, Dr. Brown completed clinical

7    interviews, MSE's, and psychometric testing, including the Trail Making Test ("TMT"), Beck

8    Anxiety Inventory ("BAI"), and Beck Depression Inventory-III ("BDI-III").  See AR 271-98.

9    Dr. Brown's opinions regarding plaintiff's limitations were based on the totality of this

10   evaluation, not just the findings on MSE.  See AR 273, 288 (indicating Dr. Brown's assessment

11   of plaintiff's functional limitations was based on a combination of plaintiff's own reports, an

12   interpretation of testing, and Dr. Brown's own clinical observations during the interview).

13         Moreover, the findings on MSE used by the ALJ to reject Dr. Brown's opinion related

14   only to plaintiff's presentation.  See AR 31 (citing AR 290 rejecting Dr. Brown's opinion

15   because plaintiff was alert, cooperative, and had appropriate appearance, normal speech, and

16   appropriate eye contact).  However, the normal MSE findings highlighted by the ALJ do not

17   provide a complete picture of plaintiff's presentation during the examinations conducted by Dr.

18   Brown.  See AR 287, 290 (very lethargic, abnormally still motor activity/motor retardation, flat

19   affect, dysphoric/anxious mood), 273, 275 (very easily confused, very easily distracted, labile

20   affect, very anxious mood, paranoid thought content, hears voices occasionally).  Additionally,

21   Dr. Brown indicated plaintiff demonstrated paranoid thought content.  See AR 290

22   (characterizing plaintiff's thought content as both "WNL" and "other," noting plaintiff reported

REPORT AND RECOMMENDATION - 6

experiencing auditory hallucinations, including hearing people outside her window, which Dr. Brown indicated was associated with paranoia).

The ALJ failed to identify any objective findings that contradicted Dr. Brown's opinion regarding plaintiff's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting.  Dr. Brown's findings on examination were consistent with this conclusion.  For example, Dr. Brown observed that plaintiff had "no skills to deal [with] anxiety."  AR 288.   Plaintiff's score on the Beck Anxiety Inventory ("BA") indicated severe anxiety.  AR 286.  Consistent with these findings, plaintiff's memory testing scores were "low due to anxiety [and] trouble focusing."  AR 290, 292.   Dr. Brown observed that plaintiff's anxiety also interfered with plaintiff's ability to perform activities; for example, Dr. Brown noted that plaintiff had trouble with getting on the wrong bus.  See AR 287; accord AR 291.

For these reasons, the ALJ's reason for rejecting Dr. Brown's evaluation was not a specific and legitimate reason supported by substantial evidence sufficient to reject the opinion of an examining psychologist.  See Lester, 81 F.3d at 830-31.  As such, this Court recommends the ALJ decision be reversed and remanded for further consideration of Dr. Brown's medical opinion.

II.    The ALJ's Evaluation of the Lay Witness Evidence in the Record

Plaintiff also argues the ALJ erred in his assessment of the lay witness testimony of plaintiff's long time boyfriend, and of plaintiff's father.  Dkt. No. 16, pp 15-20.  The Court already has concluded that the ALJ erred in reviewing the medical evidence, and that this matter should be reversed and remanded for further consideration. For this reason, it is not necessary for the Court to reach a determination on this issue.  However, an assessment of lay witness testimony relies in part on an assessment of the medical evidence. See 20 C.F.R. §§

REPORT AND RECOMMENDATION - 7

404.1513(d)(4). 416.913(d)(4); SSR 06-03p, WL 2006 2329939*3-*5.  As such, the statements

of plaintiff's father and boyfriend also should be reassessed on remand.

<u>CONCLUSION</u>

        Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

well that the Court REVERSE the ALJ's decision and REMAND this matter to defendant for

further administrative proceedings in accordance with the findings contained herein, and

pursuant to sentence four of 42 U.S.C. § 405(g).

        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

72(b), the parties shall have **fourteen (14) days** from service of this Report and

Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6.  Failure to file

objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>,

474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

is directed set this matter for consideration on **August 29, 2014**, as noted in the caption.

        DATED this 6th day of August, 2014.


                                        _____
                                        Karen L. Strombom
                                        United States Magistrate Judge


REPORT AND RECOMMENDATION - 8